IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVIS FORTUNE,

          Plaintiff,

v.                                         CIVIL ACTION NO.   2:20-cv-00339

THE CITY OF LOGAN and
J. D. TINCHER,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Partial Motion to Dismiss Amended Complaint* (Document 14), the *Defendants' Memorandum of Law in Support of Partial Motion to Dismiss Amended Complaint* (Document 15), the *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss* (Document 18), and the *Defendants' Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss* (Document 19).  In addition, the Court has reviewed the Plaintiff's *Amended Complaint* (Document 10).  For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.

**FACTUAL ALLEGATIONS**

The Plaintiff, Travis Fortune, brings this action against J.D. Tincher, a member of the Logan Police Department, and the City of Logan.  Mr. Fortune alleges that he and another individual, Ernest Drummer, were walking along railroad tracks in Logan around 9:00 a.m. on September 14, 2019, when Officer Tincher stopped them.  Officer Tincher, who was riding in a

fire rescue truck, informed them that there was a report of an overdose, ordered them to drop their backpacks, and searched the backpacks. He handcuffed Mr. Drummer and placed him in the truck and directed Mr. Fortune to place his hands on the hood of the truck. Mr. Fortune complied.

Officer Tincher found a set of scales in one of the backpacks and asked what it was for. Mr. Fortune informed him the scales were used to weigh packages for goods sold on eBay. Officer Tincher responded by punching him in the face, knocking him to the ground, and repeatedly punching him in the head and face. Officer Tincher then handcuffed Mr. Fortune and placed him in the back seat of the truck with Mr. Drummer and another individual. On the way to the police station, Officer Tincher again punched Mr. Fortune in the face without provocation.

After arriving at the police station, Mr. Drummer and Mr. Fortune were seated in a holding room, still handcuffed behind their backs. Officer Tincher again attacked Mr. Fortune, punching him in the face, head, and torso. Mr. Fortune was slumped in his chair, bleeding and barely conscious. The mayor of Logan, Serafino Nolletti, entered the room, expressed disdain for "dopeheads," and Officer Tincher slapped Mr. Fortune in the face and ordered him to pay attention to the mayor. (Am. Compl. at ¶ 30.) The mayor did not make any effort to stop the assault.

Mr. Fortune was booked at the police station, and then Officer Tincher drove him to the Southwest Regional Jail. Mr. Fortune informed Officer Tincher that he believed his jaw was broken. Officer Tincher replied, "I know it's broken; I felt it with my knuckles. They will reset it in jail." (Am. Compl. at ¶ 35.) An intake nurse at the jail noted the swollen and painful jaw and ordered an x-ray. On September 15, 2019, an x-ray revealed a "displaced fracture at the angle of the left side of the mandible as well as a nondisplaced fracture in the right parasymphyseal location." (*Id.* at ¶ 38.) For the next nine days, Mr. Fortune was restricted to a liquid diet in the

jail, but was not provided further medical care until September 24, 2019, when he was taken to Charleston Area Medical Center (CAMC). The next day, he underwent surgery, including having his jaw wired shut and the extraction of several teeth. He was discharged and returned to the jail on September 27, 2019. Screws and a tension band were surgically removed on February 24, 2020. On April 12, 2020, he had an additional surgery to remove additional teeth damaged during Officer Tincher's assault.

Officer Tincher executed a criminal complaint charging Mr. Fortune with obstructing an officer, assault on an officer, and possession of a dangerous weapon, although there was no legitimate basis for those charges. Mr. Fortune pled guilty to misdemeanor possession of marijuana, and the other charges were dismissed.

Officer Tincher has been involved in multiple previous and subsequent instances of excessive use of force and other unlawful and abusive practices within the scope of his employment as an officer with the Logan Police Department, as well as during his prior employment with the Williamson Police Department. The previous instances include "the beating and hospitalization of Frank Morgan, Jr. on April 20, 2018." (*Id.* at ¶ 54.) The City of Logan and the Logan Police Department were aware of Officer Tincher's history, but "turned a blind eye to the unlawful conduct of Officer Tincher, thereby allowing him to continue to repeatedly use excessive force and violence toward other individuals, including Plaintiff." (*Id.* at 53.)

Mr. Fortune brought the following causes of action: Count One – Excessive Use of Force Under 42 U.S.C. § 1983, as to Officer Tincher; Count Two – Battery, as to Officer Tincher; Count Three – Negligence, as to Officer Tincher; Count Four – Intentional Infliction of Emotional

Distress, as to Officer Tincher; and Count Five – Negligent Hiring, Training, and Supervision, as to the City of Logan. The Defendants' partial motion to dismiss is fully briefed and ripe for review.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the

4

assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants move to dismiss Mr. Fortune's claim for negligence against Officer Tincher as alleged in Count Three, any vicarious liability claims as to the City of Logan, and the negligent hiring, training, and supervision claim contained in Count Five.

### A. Negligence

The Defendants argue that the negligence claim cannot survive because it is based on Officer Tincher's alleged intentional conduct. The Plaintiff contends that he adequately alleged each of the elements of a negligence claim, together with supporting factual allegations.

Legal causes of action distinguish between torts and harms caused by intentional conduct, as opposed to negligent conduct. *See, e.g. W. Virginia Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 497 (W. Va. 2004) (considering an insurance policy exclusion for intentional acts where complaint of sexual abuse included negligence causes of action, and explaining that "[a]lthough the word 'negligent' is used in their allegations…intentional conduct is actually described"). In a police brutality case, Judge Copenhaver granted summary judgment on negligence claims, explaining: "It is apparent, from both the allegations in the complaint and from the remainder of the record, that the officers intended the consequences of their actions during [the plaintiff's] arrest." *Weigle v. Pifer*, 139 F. Supp. 3d 760, 780 (S.D.W. Va. 2015) (Copenhaver, J.).

Mr. Fortune alleges that Officer Tincher repeatedly punched him, causing serious injuries, and baselessly charged him with various crimes. That intentional conduct forms the basis of his causes of action for excessive force, battery, and intentional infliction of emotional distress. It cannot also support a negligence claim. As in *Weigle*, Officer Tincher intended the consequences of his actions. Therefore, the Court finds that the motion to dismiss must be granted as to Count Three.

### B. Vicarious Liability

The City of Logan argues that it is immune, under West Virginia law, from vicarious liability for tort claims arising from the intentional actions of its employees. Mr. Fortune argues

that the inquiry focuses on whether the acts were within the scope of employment. Because Officer Tincher's actions were within the scope of his employment as an officer, Mr. Fortune contends that Counts Two and Four, for battery and intentional infliction of emotional distress, should be permitted to proceed against the City of Logan, as well as Officer Tincher.

West Virginia Code, Section 29-12A-4(b)(1), states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee…" except as otherwise provided. Section 29-12A-4(c)(2) provides that "[p]olitical subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment," with certain exceptions. Political subdivisions are immunized from liability for intentional acts. *Mallamo v. Town of Rivesville*, 477 S.E.2d 525, 533 (W. Va. 1996), *holding modified by Smith v. Burdette*, 566 S.E.2d 614 (W. Va. 2002). As Chief Judge Johnston recently explained in another police misconduct case, claims against a city must be dismissed where a "[p]laintiff has only alleged intentional conduct, which falls under the grant of immunity." *Rhodes v. King*, No. 2:19-CV-00626, 2020 WL 4607323, at *4 (S.D.W. Va. Aug. 11, 2020) (Johnston, C.J.)

The Court previously found that Mr. Fortune did not allege a factual basis for a claim of simple negligence against Officer Tincher. W.Va. Code § 29-12A-4 provides that political subdivisions, including the City of Logan, are immune from liability for the intentional acts of their employees. Accordingly, any claim for vicarious liability against the City of Logan as to Counts Two and Four must be dismissed.

7

### C. *Negligent Hiring, Training, and Supervision*

Finally, the City of Logan asserts that Mr. Fortune's claim for negligent hiring, training, and supervision contains only conclusory allegations insufficient to state a claim. Mr. Fortune points to his allegation that the City of Logan was aware of repeated prior instances of misconduct by Officer Tincher and did nothing to hold him accountable.

Under West Virginia law, to state a claim for negligent supervision or training, a Plaintiff must show that "[a municipal defendant] failed to properly supervise [an employee officer] and, as a result, [the employee officer] proximately caused injury to the [plaintiff]." *Woods v. Town of Danville, W. V.*, 712 F.Supp.2d 502, 515 (S.D. W. Va. 2010) (citing *Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 718 (W. Va. 2000); *see also W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.,* 766 S.E.2d 751, 773 (W. Va. 2014) (finding that although negligent hiring, training and supervision claims against state agencies involve discretionary functions for immunity purposes, no such limitations apply to claims against political subdivisions). In *Taylor*, the West Virginia Supreme Court "treat[ed] negligent supervision like other claims based in negligence." *Woods* at 515. The West Virginia Supreme Court has applied the following test for claims of negligent hiring or retention:

> [W]hen the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick v. W. Virginia Dep't of Pub. Safety*, 503 S.E.2d 502, 506 (W.Va. 1998).

Mr. Fortune alleges that Officer Tincher was involved in misconduct, including excessive

force, as an officer with the Williamson Police Department, and left that position involuntarily while under investigation. The Logan Police Department hired him despite that history. After he was hired with the Logan Police Department, the Plaintiff alleges that Officer Tincher repeatedly used excessive force and engaged in other misconduct. Mr. Fortune cites a specific incident that occurred on April 20, 2018, as well as generally alleging a pattern of misconduct without an appropriate disciplinary response. Furthermore, Mr. Fortune alleges that the Mayor of Logan entered the room where he was being held and commented that "we don't like dope heads in our town." (Am. Compl. at ¶ 30.) The mayor observed Mr. Fortune's obvious injuries and did nothing, even when Officer Tincher slapped Mr. Fortune in his presence.

These allegations are more than sufficient to state a claim for negligent hiring, training, and supervision. Should the Plaintiff prove his allegations, the City of Logan hired an officer with a record of using excessive force and did nothing while he repeatedly violated the rights of the citizens of the City of Logan. Officer Tincher's readiness to display his abuse of a handcuffed suspect to the Mayor, and the Mayor's lack of reaction, would further support the conclusion that the City of Logan failed to take action to remedy unconstitutional behavior on the part of its employee(s). The allegations also support the conclusion that the City of Logan's negligent hiring, training, and supervision of Officer Tincher proximately caused Mr. Fortune's injuries by empowering a violent officer to assault citizens. Therefore, the City of Logan's motion to dismiss as to Count Five should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Partial Motion to Dismiss Amended Complaint* (Document 14) be **GRANTED** as to

Count Three and **GRANTED** to the extent Counts Two and Four assert claims against the City of Logan.  The Court further **ORDERS** that the *Motion* be **DENIED** as to Count Five.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 24, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA